USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/27/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW COMMUNITY CORPORATION and
BEATUS A.B. KITURURU,

                **Plaintiffs,**

-against-

WILLIAM BARR, United States Attorney General,[1] **GEOFFREY S. BERMAN**, in his official capacity as united States Attorney for the Southern District of New York, and **UNITED STATES DEPARTMENT OF HOMELAND SECURITY**,

                **Defendants.**

1:17-cv-10158 (ALC)

**OPINION & ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

    Plaintiffs New Community Corporation ("NCC") and Beatus A.B. Kitururu (collectively, the "Plaintiffs) bring this action against Defendants William Barr, United States Attorney General; Geoffery S. Berman, United States Attorney for the Southern District of New York; and the United States Department of Homeland Security ("DHS") (collectively, the "Defendants"). In their complaint, Plaintiffs allege the Defendants erroneously denied Plaintiff Kitururu's petitions for immigration relief—an I-40 petition and a request for an extension of status for a R-1 visa. Before the Court is Defendants' motion to dismiss Plaintiffs' claims. ECF No. 37. After careful consideration, Defendants' Motion to Dismiss is **GRANTED**.

## BACKGROUND

    Plaintiff Kitururu is a pastor and scholar, who was born in East Africa. Amend. Compl., ECF No. 33, ¶ 4. On March 1, 2005, Plaintiff Kitururu entered the United States under a R-1

---

[1] On February 14, 2019, then-Acting Attorney General Matthew G. Whitaker, was replaced by United States Attorney General William Barr, who is substituted for Mr. Whitaker as the defendant in this action pursuant to Federal Rules of Civil Procedure 25(d).

Visa (Religious Workers), which provided him with legal status until February 2, 2007. *Id.* Upon arriving in the United States, Plaintiff Kitururu began working for Plaintiff NCC, a church located in New Jersey. *Id.* Currently, Plaintiff Kitururu serves as the Senior pastor of NCC. *Id.* ¶ 6.

In 2007, Plaintiff Kitururu contacted an attorney to extend his visa status. *Id.* ¶ 7. Rather than filing an application to extend Plaintiff Kitururu's R-1 visa, on August 13, 2007 the attorney filed an application for an I-140 petition. *Id.* ¶ 8. Because the attorney failed to include all of the necessary supporting materials for the I-140 petition, USCIS denied Plaintiff Kitururu's petition on May 8, 2009. *Id.* ¶ 8-9. Following the denial, Plaintiff Kitururu retained new counsel and filed several motions and appealed the USCIS May 8, 2009 decision on the bases of ineffective assistance of counsel and failure to grant status to which he was eligible. *Id.* ¶ 10. USCIS subsequently denied these motions and appeals. *Id.* As a result, on October 28, 2014, Plaintiff filed a lawsuit against DHS. *Id.* ¶ 11-12. This prior proceeding was then settled with the understanding that DHS would process Plaintiff Kitururu's application. *Id.* ¶ 12. Additionally, on December 12, 2014, Plaintiff Kitururu filed a petition to renew his R-1 visa. *Id.* ¶ 14. On May 27, 2015, USCIS denied Plaintiff Kitururu's request for an extension of status but approved his Form I-129, which rendered his R status valid from July 21, 2015 to February 15, 2017. *Id.*

Plaintiffs then brought the instant suit, alleging DHS erred in denying Plaintiff Kitururu's R-1 extension and in failing to equitably toll the R-1 application based on ineffective assistance of counsel. Plaintiffs further allege the Defendants erred in denying Plaintiff Kitururu's I-140 application because USCIS failed to uphold an oral agreement in relation to settling the prior lawsuit. Lastly, Plaintiffs seek declaratory relief in the form of approval of Plaintiff's R-1 visa

extension and I-140 petition. Defendants now seek to dismiss the complaint under the Federal Rules of Civil Procedure Rule 8(a)(2), 12(b)(1) and 12(b)(6).

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663.

## DISCUSSION

### I. Plaintiffs' Third and Fourth Causes of Action are Dismissed for Failure to Comply with Rule 8(a)(2)

Pursuant to Rule 8(a)(2), a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The purpose of this requirement is to provide fair notice of the claims and to enable the adverse party to answer the complaint and prepare for trial." *Strunk v. U.S. House of Representatives*, 68 Fed.Appx. 233, 235 (2d Cir. 2003). The Court has the power to dismiss complaints that fail to comply with the directives of Rule 8(a)(2). *See Schiller v. Duthie*, 2017 U.S. Dist. LEXIS 137937, 2017 WL 3726993, at *12 (S.D.N.Y. Aug, 28, 2017) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Generally, only complaints that are "so confused, ambiguous, vague, or otherwise unintelligible" are dismissed for running afoul of Rule 8(a)(2). *See Arias-Zeballos v. Tan*, 2006 WL 3075528, at *5 (S.D.N.Y. Oct. 26, 2006).

Here, the Defendants allege Plaintiffs' complaint is deficient under Rule 8 because it is "confused, ambiguous, vague, or otherwise unintelligible" and therefore fails to give the government adequate notice of Plaintiffs' claims, the decisions being challenged, and the bases for these challenges. Although Plaintiffs could have been more precise in their Amended Complaint, the first two causes of action satisfy the Rule 8(a)(2) pleading requirements. Specifically, the first and second cause of action identify USCIS May 27, 2015 decision denying Plaintiff Kitururu's R-1 extension as erroneous because USCIS misapplied the "extraordinary circumstance" exception of 8 C.F.R. § 214.1(c)(4)(i). Therefore, because Plaintiffs both challenge a specific agency decision and provide a basis for said challenge, the Plaintiffs have satisfied the requirements of Rule 8(a)(2) for the first two causes of action.

However, Plaintiffs' third and fourth causes of action do not satisfy Rule 8. While the third and fourth causes of action identify the denial of Plaintiff Kitururu's I-140 petition as the decision being challenged, the Plaintiffs do not articulate a legal basis for challenging this

4

decision. Instead, Plaintiffs primarily offer conclusory statements articulating that the denial was erroneous. *See Iqbal*, 129 S.Ct. at 1949–50 (citations omitted & emphasis added) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Plaintiffs' only basis for arguing the denial was erroneous is that it was in violation of an oral agreement with the government in relation to settling the prior suit. Furthermore, Plaintiffs' opposition does not dispute that the third and fourth causes of action are not in compliance with Rule 8. In fact, Plaintiffs' response to Defendants' Rule 8 arguments is limited to the first two causes of actions. *See* Pl. Opp. Br. at 3–5. Therefore, the Defendants' motion to dismiss Plaintiffs' complaint as it relates to the third and fourth causes of action is **GRANTED.**[2]

**II. Plaintiffs' First and Second Causes of Action Concerning the R-1 Extension Request are Dismissed under Rule 12(b)(6)**

The R-1 visa is a non-immigrant visa created for religious workers to enter the United States on a temporary basis. *See* 8 C.F.R. § 214.2(r). Under immigration statutes, immigrants seeking R-1 status may "enter the United States for a period not to exceed 5 years." 8 U.S.C. § 1101(a)(15)(R)(ii). In addition, immigration regulations explain

> [a]n alien who has spent five years in the United States in R-1 status may not be readmitted to or receive an extension of stay in the United States under the R visa classification unless the alien has resided abroad and has been physically present outside the United States for the immediate prior year.

8 C.F.R. § 214.2(r)(6). Initially, a R-1 visa is valid for a period not to exceed 30 months, but a religious worker may apply for extensions of status for up to 30 months. 8 C.F.R. § 214.2(r)(4)-(5).

---

[2] Even if Plaintiffs had adequately pleaded claims challenging the denial of Plaintiff Kitururu's I-140 claim, as Plaintiff concedes, these claims would be dismissed due to lack of subject matter jurisdiction. Because Plaintiff Kitururu withdrew his appeal of the denial of the I-140 petition, the court lacks jurisdiction over any claims challenging the denial due to mootness, failure to exhaust administrative remedies, and res judicata.

5

Here, Plaintiff Kitururu entered the United States on March 1, 2005 with a R-1 visa that was valid until February 2, 2007. He later retained R-1 status from July 21, 2015 until February 15, 2017. Since Plaintiff Kitururu's initial admission in the United States in 2005, he has remained in United States, well beyond the 5-year limitation placed on immigrants who have R-1 visas. For this reason, Plaintiff is ineligible for an extension of R-1 status, and the Court finds USCIS did not erroneously deny his extension petition.

Plaintiffs' argument that the Court may nevertheless grant Plaintiff Kitururu's requested extension based on equitable tolling is not persuasive. As established by 8 C.F.R. § 214.1(c)(4), USCIS may accept an untimely petition for extension of status if "at the time of filing" the applicant can demonstrate "the delay was due to extraordinary circumstances beyond the control of the applicant or petitioner, and USCIS finds the delay commensurate with the circumstances." *Id.* Plaintiff argues that the agency erred by failing to exercise its discretion because Plaintiff Kitururu experienced ineffective assistance of counsel, which constituted an "extraordinary circumstance."

To support their conclusion, Plaintiffs cite to *Hovhannisyan v. U.S. Dep't of Homeland Sec.*, 624 F. Supp. 2d 1135, 1148-53 (C.D. Cal. 2008). In that case, the Plaintiff had applied for an extension of status for a similar nonimmigrant visa. But, because counsel had filed uncertified materials in support of the visa extension, USCIS denied his application. The Plaintiff then filed a motion for reconsideration, based on ineffective assistance of counsel; USCIS denied said motion. Consequently, Plaintiff sought declaratory relief in district court by filing two lawsuits. In the second lawsuit, the district court held USCIS

> err[ed] because its determination that the mistakes of Plaintiff's counsel did not constitute extraordinary circumstances was not supported by rational explanation or substantial evidence. In addition, the agency's conclusion that under 8 C.F.R. § 214.1(c)(4) it may

not excuse Plaintiff's failure to maintain his status appears to nullify that regulation's exception for untimeliness.

*Id.* at 1148. Despite the fact that here Plaintiff Kitururu's ineffective assistance of counsel claim applies to filing the I-140 application and not the R-1 visa extension request, Plaintiffs argue that the rationale provided in *Hovhannisyan* should apply to this case. However, this argument fails to overcome the fact that Plaintiff did not apply for R-1 status sooner. As 8 C.F.R. § 214.1(c)(4), explains, in order for a delay to be excused, USCIS must find "the delay commensurate with the circumstances." *Id.* Here, new counsel represented Plaintiff Kitururu when he filed the motion for reconsideration in 2012. But, he did not file for an extension R-1 status until December 12, 2014, approximately 2 years later. While Plaintiffs attributes this two-year period to waiting for the results of the appeal process, this argument is not persuasive. In fact, Plaintiffs do not articulate any reason as to why Plaintiff Kitururu could not have applied for an R-1 extension at the same time he was pursuing the appeals process on the I-140 application. As a result, Plaintiff Kitururu's 2 year delay in applying for R-1 extension after retaining new counsel was not commensurate with the circumstances. *See ElectroMedical Techs. Inc. v. Nielsen*, No. CV-18-00508-PHX-GMS, 2019 WL 1643746, at *3 (D. Ariz. Apr. 16, 2019).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED.**

**SO ORDERED.**

**Dated: September 27, 2019**
New York, New York

ANDREW L. CARTER, JR.
United States District Judge

7